ANNIE DUNST, as Executrix, etc., of MEYER DUNST, Deceased, Appellant, v. STANDARD ACCIDENT INSURANCE COMPANY OF DETROIT, MICHIGAN, Respondent.— Order reversed upon the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, to the extent that the defendant furnish a bill of particulars setting forth (1) the infirmity, defect, disease or disorder, mental or physical, which it will be claimed decedent had and as to which he is alleged to have made a misrepresentation in answering " No " to the question " M. (c) " in the application attached to the policy of insurance, as set forth in the first separate and distinct defense; and (2) a statement showing for what and when decedent was medically or surgically treated during the five years mentioned in question " O " in the application attached to said policy, as set forth in the second separate defense, as to which decedent is alleged to have made a misrepresentation by his answer " None." As to (1): Plaintiff is entitled to know what disease defendant will claim the decedent had. This will not be a disclosure of proof of the fact. As to (2): While plaintiff is not entitled to know the names of the physicians or surgeons, she is entitled to be advised, by a bill of particulars, of the disease for which the decedent was medically or surgically treated during the five years mentioned in the question, and the time of such treatment. Lazansky, P. J., Kapper, Carswell, Scudder and Tompkins, JJ., concur.

MARINE BASIN COMPANY, INC., Appellant, v. NORTHWESTERN FIRE AND MARINE INSURANCE COMPANY, Respondent.— Judgment for defendant dismissing the complaint reversed upon the law and the facts, with costs, and judgment directed in favor of the plaintiff and against the defendant, with costs, for the sum of $9,071.36, with interest from June 18, 1928, said sum being the amount of the judgment obtained against the plaintiff by Mitchell; and for the further sum of $2,385.57, with interest from the payment of the various installments thereof by plaintiff to Purdy, the attorney who defended the plaintiff in the action brought against it by Mitchell. The damage to the yacht *Faith* was fairly covered by and within the meaning of the policy of insurance. The limitation of $10,000 was to cover actual damage suffered by the plaintiff exclusive of counsel fees and expenses made necessary by defendant's refusal to defend the Mitchell action. Inconsistent findings of fact and conclusions of law are reversed and new findings will be made in accordance herewith. Rich, Young, Scudder and Tompkins, JJ., concur; Lazansky, P. J., dissents. Settle order on notice.

MARY O'KEEFE, as Administratrix, etc., of THOMAS P. O'KEEFE, Deceased, Respondent, v. WILLIAM HALSTEAD and JOHN HERBERT KING, Defendants, Impleaded with WILLIAM SCOTT and JAMES T. SCOTT, Copartners, Doing Business under the Firm Name and Style of SCOTT BROTHERS, Appellants.— Order denying motion of defendants Scott for leave to serve a supplemental answer affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Kapper, Carswell, Scudder and Tompkins, JJ., concur.